UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICK ALEXANDER,     10-CV-6147-TC

Plaintiff,

v.     ORDER

DAVID HERMAN,

Defendant.

COFFIN, Magistrate Judge:

## INTRODUCTION

This is an action involving two partnership disputes. Plaintiff asserts that federal jurisdiction is proper based on diversity of citizenship. Defendant contends that he is a citizen of Oregon, thereby divesting this court of diversity jurisdiction. Defendant has brought a motion (#27) for summary judgment and seeks dismissal of the action based on the asserted lack of diversity.

For the reasons stated below, jurisdiction is proper in this court and defendant's motion is denied.

Page 1 - ORDER

## DISCUSSION

For diversity purposes, a person is a "citizen" of the state in which he is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983). A person's domicile is his permanent home, the place where he resides with the intent to remain or to which he intends to return. Id. A person residing in a given state is not necessarily domiciled there and is thus not necessarily a citizen of that state. Id. No single factor in the determination is controlling, and it need not be determined by mere numerical comparison of the number of factors that may appear to favor each side of the issue. Lundquist v Precision Valley Aviation Inc., 946 F.2d 8 (1st Cir. 1991) and Moore's Federal Practice, Paragraph 0.74 at 788 (2d ed. 1991). A person's actions may speak louder than words in determining domiciliary intent. Altimore v. Mt. Mercy College, 420 F.3d 763 (8th Cir. 2005)

This court carefully reviewed the arguments and submissions defendant made in support of an Oregon domicile. There is no doubt that defendant has some connection to Oregon. However, plaintiff has demonstrated, and defendant has not adequately disputed, that defendant:

--had a Nevada Driver's License at the time this action was filed;

--registered to vote in Nevada[1];

--actually voted in Nevada and did so more than once;

--listed Denio, Nevada addresses in corporate forms filed with the Nevada Secretary of State; and

--filed Oregon nonresident income tax returns for 2006, 2007, 2008, and 2009. As stated at p.p 4-5 of the Oregon Income Tax Form For Part-Year Resident/ Noresident, "You're a nonresident if your permanent home was outside Oregon all year" and "You're a full-year Oregon resident, even if you

---

[1] Such registration was based on a representation to election officials that he lived in Denio, Nevada in a mobile home where he maintained a room.

Page 2 - ORDER

live outside Oregon, if all of the following are true: you think of Oregon as your permanent home, and Oregon is the center of your financial, social, and family life, and Oregon is the place you intend to come back to when you're away."

As to the tax filing issue, defendant merely argues, "[w]hile is [sic] exercise of the franchise there may not comport with Nevada law, it should not weigh more heavily in the eyes of this court than everything else he did with his life ..." Defendant's Reply (#60).

Defendant's aforementioned actions demonstrate that jurisdiction is proper in this court.[2] Where a person is registered to vote and where that person is actually voting are two factors to be considered separately; they are often given significant weight in the determination of domicile and can even create a presumption of domicile. See, e.g., Lundquist v Precision Valley Aviation Inc., 946 F.2d 8 (1st Cir. 1991) and Moore's Federal Practice, Paragraph 0.74 at 788 (2d ed. 1991). Representations to state officials on corporate reports are also entitled to significant weight. Id.. Where taxes are paid and driver's licenses obtained is also important. Id.

In addition to the above, defendant should be judicially estopped from taking a position in this action that is different from the position he took with the Oregon Department of Revenue. See Milton H. Greene Archives, Inc. V. CMG Worldwide, Inc., 2008 WL 655604, p. 21 (C..D. Cal. 2008)(declines to invoke judicial estoppel because there is no evidence that state tax board of equalization was misled by prior inconsistent representation concerning decedent's domicile). In

---

[2] Although not relied on for this opinion as the record is unclear on this matter, plaintiff also asserts that defendant certified under oath to the US. Postal Service on a post office box form that his physical residence is in Denio, Nevada. Moreover, although defendant notes several connections to Oregon that this court has fully considered, defendant also notes that he is an attorney licensed in Oregon, but his status is inactive, and although defendant notes that his family resides in Oregon, a divorce petition has been filed and one of his two children is away at college.

Page 3 - ORDER

this action, defendant's prior tax returns, and the lack of correcting returns, show that the Oregon Department of Revenue accepted defendant's representations that he was a nonresident of Oregon. See also, Tosco Corporation v. Communities For a Better Environment, 41 F. Supp.2d 1061 (C.D. Cal. 1999).

## CONCLUSION

Defendant's motion (#27) for summary judgment based on an asserted lack of diversity is denied as plaintiff has met his burden on this matter.

DATED this 5th day of March, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - ORDER